**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ashley Rice, individually and as special administrator of the estate of Robert Wenman,<br><br>Plaintiff,<br><br>v.<br><br>City of North Las Vegas, et al.,<br><br>Defendants. | Case No. 2:20-cv-01542-JCM-DJA<br><br>**Order** |

This is a civil rights case arising out of an officer-involved shooting resulting in the death of Robert Wenman. Plaintiff Ashley Rice, Wenman's daughter and administrator of his estate, sues the City of North Las Vegas and certain of its officers and SWAT team[1] for damages, alleging claims for violations of Wenman's rights, municipal liability, and state law claims for battery and negligence. Plaintiff moves to seal Exhibits 18, 21-23, and 25—documents that Defendants produced and designated "confidential" under the parties' protective order—attached to her response to Defendants' motion for summary judgment.[2] (ECF No. 49). Defendants filed an opposition.[3] (ECF No. 60). Plaintiff did not file a reply. Because the Court finds that

---

[1] These defendants include Robert Jameson, Skyler Lee, Sgt. Jason Lawrence, Lt. Barny Brucken, Sgt. Ann Taylor, and Mark Suranowitz.

[2] Plaintiff's motion requests a *temporary* sealing only for the purpose of filing the motion and to comply with the protective order. The crux of Plaintiff's motion, however, is a request to unseal the documents.

[3] Defendants oppose Plaintiff's request to unseal and ask that the Court maintain the documents under seal. For the sake of clarity, the Court will consider Defendants' opposition as a declaration attempting to establish sufficient justification for sealing these documents.

Defendants provided compelling reasons to keep only Exhibit 25 under seal, it grants in part and denies in part Plaintiff's motion to seal.

**I.    Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).  A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).  "The Court must then 'conscientiously balance' the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Id.*  That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

As a preliminary matter, Plaintiff seeks to seal Exhibits 18, 21-23, and 25 attached to her response to Defendants' motion for summary judgment.  (ECF No. 49).  Because the response to the motion for summary judgment is more than tangentially related to the merits of the case, the compelling reasons standard applies.  Plaintiff asserts that the parties' stipulated protective order requires her to file these documents under seal.  (*Id.*).  Plaintiff further states that Defendants bear the burden of proving that the documents meet the compelling reasons standard because Defendants designated these documents as "confidential."  (*Id.*).

Plaintiff's only support for sealing Exhibit 18, which discusses manufacturer specifications for SWAT "Bearcat" vehicles, is the protective order.  Plaintiff suggests that there is no valid reason to seal this document because Defendants have publicly filed documents which discuss Bearcats.  However, the information which Defendants have publicly filed about Bearcats

is little more than mere references,[4] as opposed to the in-depth specifications present in Exhibit 18. But on the other hand, Defendants do not mention Bearcats or Exhibit 18 at all in their opposition. Because neither party has met the burden of providing compelling reasons to keep this document under seal, the Court will unseal Exhibit 18 to Plaintiff's response.

Exhibits 21-23 contain excerpts of the North Las Vegas Police Department's Police Procedure Manual. Plaintiff once again asserts that the only reason she filed these Exhibits under seal was the protective order requirements to do so. Plaintiff further argues that sealing is not appropriate because these excerpts are already publicly available via the police department's website. (ECF No. 49). However, Defendants correctly note that Plaintiff is mistaken. The document publicly available online is the *policy* manual, while the documents at issue are excerpts from the *procedure* manual, which does not appear to be publicly available online. (ECF No. 60).

Defendants argue that allowing their procedure manual to be public would reveal law enforcement methodology such as police investigatory and response tactics, subsequently interfering with the police department's ability to perform its duties. While Exhibits 21-23 do contain various excerpts from Defendants' procedure manual, these excerpts discuss other information in addition to the procedures with which Defendants are concerned. Defendants fail to articulate compelling reasons in favor of sealing the entirety of these exhibits, and they offer no explanation for why redaction of these exhibits would not suffice in protecting police methodology. Though Defendants assert "official information privilege," the case law they quote from extensively is in the context of responding to requests for discovery, not meeting the standard for a motion to seal. (ECF No. 60). Additionally, Defendants themselves note that the public interest in a civil rights case such as this may outweigh the privacy interests of police officers. (*Id.*). Since the Court cannot rely on its own hypothesis or conjecture to determine why each excerpt within each exhibit impedes Defendants' duties, it will unseal Exhibits 21-23 to Plaintiff's response.

---

[4] In Defendants' motion for summary judgment (ECF No. 42), Defendants refer to Bearcats numerous times but do not discuss specific details about the vehicles at all.

Exhibit 25 contains the Deadly Force Review Board Findings regarding the officer shooting of Robert Wenman. Here, Defendants cite "governmental investigatory privilege," which, again, is used in the context of discovery and not motions to seal. (*Id.*). Regardless, the Court finds Defendants' arguments for maintaining the confidentiality of this exhibit sufficient to meet the compelling reasons standard. Defendants state that this exhibit contains evaluative summaries and opinions of police department officers, and allowing this document to be publicly accessed would have a chilling effect on the willingness of witnesses to cooperate with officers during investigations. Allowing Defendants to effectively conduct these reports outweighs the interest of the public in accessing these documents, since such access may ultimately harm the public at large if Defendants' investigations are impeded.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 49) is **granted in part and denied in part**. The motion is granted regarding Exhibit 25 to Plaintiff's response and denied regarding Exhibits 18 and 21-23.

**IT IS FURTHER ORDERED** that Plaintiff shall file a public version of her motion to seal and Exhibits 18 and 21-23 on the docket on or before **August 3, 2023**. The motion to seal and its exhibits as currently filed on the docket (ECF No. 49) shall remain under seal.

DATED: July 20, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE